EDMONDSON vs. CARNALL.

A plea in abatement, in an attachment suit, is not bad on demurrer, because it prays judgment both of the declaration and writ, the matter set up in the plea being to the entire proceedings, and not to so much as is a proceeding *in rem.*

A plea, that the affidavit filed by the creditor before the issuance of the writ of attachment, was not taken before any judge, justice of the peace, or clerk of any of the Circuit Courts within and for this State, is good on demurrer.

An affidavit taken within the county of Sebastian, and State of Arkansas, before "John F. Wheeler, Mayor," was taken before one utterly unknown to our laws.

TERM, 1856.]          Edmondson vs. Carnall.

*Writ of Error to Sebastian Circuit Court.*

Hon. FELIX J. BATSON, Circuit Judge.

FOWLER & STILLWELL, for the plaintiff.

S. H. HEMPSTEAD, contra.   The utmost strictness is required pleas in abatement, and no intendment will be made in their favor.   2 *Saund* 209, *C.* ; 1 *Eng.* 103; 4 *Eng.* 388.

The plea in this case, having prayed judgment of the writ and declaration, was bad, and the demurrer to it was properly sustained.   5 *Ark.* 460; 3 *Ark.* 502 ; 1 *Eng.* 460 ; 3 *T. R.* 185; 13 *Wend.* 495; 2 *Hen. & Munf.* 308.


Mr. Justice SCOTT delivered the opinion of the Court.

This was a proceeding by attachment in the Sebastian Circuit Court.   The declaration was in debt on a promissory note for $132 40.   The writ and return, as well as the bond and affidavit are copied in the transcript.   The latter is in words and figure following, *to wit:*


"STATE OF ARKANSAS, ⎱
COUNTY OF SEBASTIAN.      ⎰ ss.

I, John Carnall, plaintiff in the above and foregoing declaration, do solemnly swear, that Samuel Edmondson, the defendant therein, is justly indebted to me in the sum of one hundred and thirty-two dollars and forty-four cents, and that the said Samue Edmondson is, as I verily believe, about to remove out of the State of Arkansas.

JOHN CARNALL.

Sworn to and subscribed, this 28th day of October, 1854, before me.

JOHN F. WHEELER, *Mayor.*"

The writ was levied upon lands, and served upon the defendant by reading it to him.

At the return term, the "defendant came by attorney and filed his plea in abatement," in words and figures, following, *to wit :*

STATE OF ARKANSAS, }
COUNTY OF SEBASTIAN.        }

In the Circuit Court of said county, February Term, 1855.

SAMUEL EDMONDSON, ) *Defendant.*
*Advs.*      In debt.      }
JOHN CARNALL,        ) *Plaintiff.*

And the said defendant by his attorney comes and prays judgment of the said writ of attachment, and the declaration on which the same issued in this behalf; because he says that the affidavit by the said plaintiff, filed with said declaration in this behalf in the office of the said clerk of the Circuit Court of Sebastian county, in the State of Arkansas, on the 28th day of October, 1854, was not taken before any judge, justice of the peace, or clerk of any of the Circuit Courts within and for the State of Arkansas. And so, the said defendant in fact says, that the said writ of attachment in this behalf, issued by the clerk of the Circuit Court of Sebastian county, was issued by him as such clerk, on the day and year aforesaid, without authority, and in papable violation of law, and this, he, the defendant, is ready to verify; wherefore, he prays judgment of said declaration and writ, and that said writ may be quashed.

SAMUEL EDMONDSON, *Defendant.*
By his attorney, W. D. REAGAN.

This plea was regularly verified by the affidavit of Edmondson before the judge.

The plaintiff filed his demurrer, in which the defendant joined. The court held the demurrer well taken ; and the defendant refusing to answer over, and electing to rest on his plea, the court rendered final judgment in favor of the plaintiff, for the debt and damages, and the defendant appealed to this court, assigning for error the action of the court upon the demurrer, and insisting that the plea set up matter sufficient to abate the proceeding.

The appellee, by his counsel, insists that the plea was bad, because it prayed "judgment of the *declaration* and *writ*," instead of praying merely that "the attachment be quashed."

Conceding the principle of law contended for by appellee's counsel, as to the severe scrutiny to which pleas in abatement are to be subjected, it will nevertheless appear from the construction given by this court to our statute of attachments, in the case of *Childress vs. Fowler*, 4 *Eng. Rep.* 159, that the plea in question is not obnoxious to the objection thus taken to it.

That construction was : 1*st.* That the proceeding authorized, was, in its character of *one suit*, as an entirety, a compound proceeding, combining a proceeding *in rem*, with a proceeding *in personam*, each having a distinct identity, but liable to be transformed, before a final judgment, into a proceeding solely *in personam*. That, as a whole, it was constituted of "declaration, bond, affidavit and writ, in harmonious combination." That if, *as such*, it should "be defective, as it would be in case the affidavit, the bond, or the writ should not be in conformity with the statute, or either should vary, the one from the other, in so much as to disturb the harmony of the whole, as one suit, the *entire* proceedings, if *appropriately assailed*, would necessarily fall. Because, being unknown to the common law, and a mere creation of the statute, with prescribed pre-requisites and fixed limits, it must necessarily stand or fall upon its conformity or non-conformity with the terms, upon which, by the statute, it was permit-

ted to be set on foot." *page* 163. The statute in express terms en-acting "on the requisites herein-before prescribed being complied with," &c. *Dig.*, *chap.* 17, *sec.* 6.

2*d*. That in this character, when viewed in this light, it was substantially a new *form* of action "set on foot by the Legislature not in a condition of isolation, but in harmonious connection with our entire system of jurisprudence, as a whole, of which it was itself to form a part." And hence, like the other remedies or forms of action already known to the law, its want of propriety or efficiency may be questioned, and made to appear by the regularly established course of pleading, applicable to other actions of law, unless in points where the statute, which gave it existence, otherwise provides. *Page* 165.

3*d*. That such of the provisions of this statute as establish or provide for means of *defence against this remedy*, ought to be liberally, and not strictly construed ; because, "to apply the principles of strict construction, which are usually applied to the *enforcement* of remedies derogatory to the common law, to provisions of the statute for resistence to this class of remedies, would be *felo de se*, and an utter perversion of this conservative doctrine." *Page* 165.

4*th*. That this being understood and applied, "a defendant under the provision of *section* 15, without any aid from *section* 29, would have the undoubted right to plead any abatcable matter within the time, and according to rules fixed by law for defending against *other actions* at law, and that such matter, pleaded in due form and apt time, would go to the *entire* proceedings." *Page* 166.

5*th*. That section 29 was not designed to impair, or take away any of these rights and privileges ; but confers upon the defendant *new facility*, or means of abating, not the *entire* proceedings, but so much of them only as is a proceeding *in rem*. *Page* 166. This new means for abating so much of the proceedings only as is of the latter cast, being that of *summary* "*exceptions*" to the affi-

davit, whereby the defendant may insist upon abateable matter, in this *mode* and for this *purpose only*, under extraordinary circumstances: that is to say, extraordinary, in so much as that it may be used "in that condition of the case in its progress through the court, when, by the *ordinary* rules of law, dilatory pleas could be no longer made available," (*p*, 164, 165,) inasmuch as he can only avail himself of this *extraordinary* means of defence upon the condition precedent, that he makes his "common appearance" and "pleads to the plaintiff's action not a dilatory plea, but a plea to the merits." *Page* 167, 168, *of the statute, section* 29.

This construction of the statute of attachments, although it went beyond any construction that had been given to it by this court, in any decision previous to that of *Childress vs. Fowler*, did not, however, actually conflict with any such previous decisions; nor has there been any decision made since that time, conflicting with this construction. And maintaining this one, it follows that it was not improper for the plea before us to pray judgment both of the *declaration* and the *writ ;* inasmuch as the matter set up in it, went to the entire proceedings, and not to so much of it, merely, as was a proceeding, *in rem ;* the same having been presented by plea in abatement, verified by affidavit, interposed before common appearance to the action, and within the time allowed by the ordinary rules of law for interposing dilatory defences in every form of action.

No other question has been raised by counsel.

As to the sufficiency of the matter set up, the plea seems good upon its face. The statute declares that the affidavit "may be taken before any judge or justice of the peace within the State." *Dig.,* *chap.* 17, *sec.* 4. The plea alleges that the affidavit "was not taken before any judge or justice of the peace, or any clerk of any Circuit Court, within and for the State of Arkansas." The demurrer admits this to be true.

The affidavit, as it appears in the transcript, was taken before "*John F. Wheeler, Mayor*," and it also appears to have been

taken within the county of Sebastian, and State of Arkansas. If Wheeler was the *Mayor* of the municipality indicated by this caption, he is utterly unknown to our laws; if, of some other, there is no indication in the record, of what city, town or district, either within this State, or beyond its limits.

We think, then, that upon this record, the plea upon its face was good until avoided. The result is, that the court below erred in sustaining the demurrer, and for this, the judgment rendered must be reversed, and the cause remanded, &c.